UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 23-cv-20199-BLOOM/Otazo-Reyes**

GRAND MARQUIS, LLC,

    Plaintiff,

v.

UNITED NATIONAL INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon a *sua sponte* review of Plaintiff Grand Marquis, LLC's Amended Complaint, ECF No. [5]. The Court has reviewed the Amended Complaint, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the above-styled case is dismissed without prejudice.

Federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). As such, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006). Further, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410.

District courts have diversity jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. "For a court to have

diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), 'all plaintiffs must be diverse from all defendants.'" *First Home Bank v. Net Zero LLC*, No. 3:20-cv-150-J-34MCR, 2020 WL 802518, at *2 (M.D. Fla. Feb. 18, 2020) (quoting *Univ. of S. Ala.*, 168 F.3d at 412)). "The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof." *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975).[1]

"[F]or the purposes of establishing diversity jurisdiction, an unincorporated business association or entity, such as a general or limited partnership or a limited liability company, is not a 'citizen' under 28 U.S.C. § 1332(a) in its own right." *First Home Bank*, 2020 WL 802518, at *2 (citing *Xaros v. U.S. Fid. & Guar. Co.*, 820 F.2d 1176, 1181 (11th Cir. 1987)). Rather, the longstanding rule is that "the citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the members composing the organization." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1021 (11th Cir. 2004) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)). With regard to the existence of diversity jurisdiction, "a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens." *Id.* (citing *Carden*, 494 U.S. at 195-96). "Therefore, in order to sufficiently allege the citizenship of an unincorporated business entity, a party must list the citizenships of all the members of that entity." *First Home Bank*, 2020 WL 802518, at *2 (citing *Rolling Greens MHP, L.P.*, 374 F.3d 1022). Further, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

Case No. 23-cv-20199-BLOOM/Otazo-Reyes

On January 18, 2023, Plaintiff filed a Complaint against Defendant. ECF No. [1]. The Complaint states that "Grand Marquis is a Florida limited liability company with its principal place of business in Miami-Dade County, Florida," and that "United National is an insurance company with its principal place of business in Pennsylvania." *Id.* ¶¶ 3, 4. The Court dismissed the above-styled case without prejudice since the Complaint does not "sufficiently allege Plaintiff's citizenship because it does not identify all members of the limited liability company and its members' citizenship." ECF No. [4] 3. In addition, the Complaint did not sufficiently allege Defendant's citizenship. *Id.* Specifically, the Complaint alleged Defendant's principal place of business but did not state Defendant's state of incorporation. *Id.*; *see also* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated *and* of the State or foreign state where it has its principal place of business") (emphasis added).

On January 20, 2023, Plaintiff filed an Amended Complaint. ECF No. [5]. The Amended Complaint states that "[j]urisdiction is proper because the citizenship of the parties, set forth below, satisfies diversity requirements," and that "Grand Marquis is a Florida limited liability company with its principal place of business in Miami-Dade County, Florida. The members of Grand Marquis are individuals, Henry and Nilda Torres, who reside in Miami-Dade County, Florida." *Id.* Although the Amended Complaint does not expressly list the citizenship of the members of Grand Marquis, the Court interprets the Amended Complaint to allege that Plaintiff's members are citizens of Florida because Plaintiff is a Florida limited liability company. However, the Amended Complaint does not allege Defendant's state of incorporation. As such, "the Court lacks sufficient information to satisfy the jurisdictional inquiry." *First Home Bank*, 2020 WL 802518, at *2; *Clayton Consulting Servs., Inc. v. Squire Dental Mgmt., LLC*, No. 3:20-CV-1165-J-34JBT, 2020

Case No. 23-cv-20199-BLOOM/Otazo-Reyes

WL 6502662, at *2 (M.D. Fla. Nov. 5, 2020) ("to adequately allege the citizenship of Clayton, a corporation, Squire must affirmatively identify Clayton's state of incorporation *and* its principal place of business") (emphasis in original).

Accordingly, it is **ORDERED AND ADJUDGED** that the above-styled case is **DISMISSED WITHOUT PREJUDICE**. The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 20, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record